Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| CRUZ OFELIA MORALES ALVERIO Y OTROS<br><br>Peticionaria<br><br>v.<br><br>AAA CAR RENTAL INC. H/N/C ALLIED CAR AND TRUCK RENTAL & EZ CAR RENTAL Y OTROS<br><br>Recurrida | KLCE202300124 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: SJ2021CV01676 (403)<br><br>Sobre: BONO DE NAVIDAD Y OTROS |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, y la Jueza Grana Martínez, el Juez Rodríguez Flores y el Juez Monge Gómez.

Grana Martínez, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Ante nosotros comparece la peticionaria, Cruz Ofelia Morales Alverio, mediante recurso de certiorari. A través de su recurso, nos solicita la revocación de cierta determinación emitida por el Tribunal de Primera Instancia, en la cual el foro declara ha lugar la *Moción In Limine para excluir grabación*.

Los hechos procesales esenciales para comprender nuestra decisión se exponen a continuación.

**I**

Cruz Ofelia Morales Alverio, su esposo, José López Merced, Carlos Ramos Berríos, su esposa, Rachelle Monfrino, Juan Robles Anciani, su esposa, Diana Gerardino y las respectivas sociedades gananciales compuestas por los matrimonios antes mencionados presentaron una reclamación civil contra AAA Car Rental Inc., h/n/c Allied Car and Truck Rental & EZ Car Rental, compañías aseguradoras, entre otros. En apretada síntesis reclamaron contra su patrono por despido injustificado, represalias, discrimen por impedimento y edad, ente otras.

Número Identificador

RES2023_____

Durante el descubrimiento de prueba entre las partes, la representación legal de la parte querellada le tomó una deposición al co-demandante, Juan Carlos Robles Anciani. En dicha deposición, el querellado advino en conocimiento que Robles Anciani había grabado la reunión privada del 27 de marzo de 2022, sin solicitar ni obtener permiso, durante la cual se concretó el cese de su empleo con Allied. La parte demandante había incluido en el Informe Conjunto de Conferencia Con Antelación al Juicio la susodicha grabación, con el objetivo de utilizar la misma como parte de la prueba.

La parte querellada objetó mediante *Moción In Limine para Excluir Grabación*. Expuso que Allied contaba con unas normas generales escritas recibidas por los demandantes, en las cuales se prohibía que el co-demandante grabara la reunión que sostuvo en recursos humanos. Se refirió específicamente al Manual de Empleados de Allied, el cual específicamente prohíbe: "[g]rabar sin autorización, comunicaciones verbales o escritas de otros empleados, clientes o persona alguna relacionada con las operaciones de la Compañía o con quien pueda estar en contacto mientras se encuentra en gestiones de su trabajo o por motivos del mismo." Enfatizó que tanto Allied como el co-demandante tenían una expectativa legítima de que la reunión no habría de ser grabada por ninguno de los participantes. Reclamó la ilicitud de la reproducción por grabar una reunión privada, sin permiso ni consentimiento de los participantes y a sabiendas que tal proceder estaba prohibido por el patrono. Resaltó que el Artículo 169 del Código Penal, 33 LPRA sec. 5235, expresamente prohíbe la siguiente conducta:

Artículo 169.- Grabación de comunicaciones por un participante.

Toda persona que participe en una comunicación privada personal, bien sea comunicación telemática o

por cualquier otro medio de comunicación, que grabe dicha comunicación por cualquier medio mecánico o de otro modo, sin el consentimiento expreso de todas las partes que intervengan en dicha comunicación, incurrirá en delito menos grave. Procuro que evidencia ilegalmente obtenida y cualquier fruto de la misma constituye evidencia inadmisible.

Por su parte, la parte demandante sostiene que el Tribunal Supremo de Puerto Rico resolvió ya una controversia similar a la trabada entre las partes. Se refirió expresamente a *Pueblo v. León Martínez,* 132 DPR 746 (1993). En dicho caso, una parte que se encontraba siendo evaluada por un comité de compañeros de trabajo nombrado por el patrono, decidió grabar una reunión con el comité sin el conocimiento o permiso de los integrantes. La peticionaria alegó que en dicho caso el foro encontró probado que la conversación que tuvo el Apelante, de haber en ella alguna expectativa de privacidad, dicha expectativa era para el Apelante, no para las demás personas, quienes eran oficiales de la Universidad. Insistió en que el que un patrono tenga en su Manual de Empleado una prohibición acerca de "grabar" alguna conversación sin el consentimiento de las demás personas, no puede ser la base legal para que el tribunal haya entendido propio excluir dicha grabación de la prueba que pueda utilizar la parte demandante. Recabo que los reglamentos y manuales de empleados son directrices unilaterales, las cuales el empleado no tiene derecho a negociar.

En fin, el Tribunal de Primera Instancia declaró ha lugar la *Moción In Limine Para Excluir Grabación* y, en consecuencia, determinó que la grabación tomada por la parte querellante era inadmisible en evidencia, por lo que excluyó la misma como prueba. Inconforme, la peticionaria presentó reconsideración que eventualmente fue declarada no ha lugar.

Aun en desacuerdo con el dictamen, la parte peticionaria recurre ante este tribunal solicitando la revocación de la determinación de excluir la grabación.

**II**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sujeto a no enajenarnos del Derecho. Esta se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR*, supra, pág. 338; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, págs. 334–335.

Como cuestión de umbral, ante todo recurso de certiorari, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. La regla dispone que; el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al

denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado el análisis de la Regla 52.1, *supra*, y concluyendo que estamos autorizados a intervenir conforme a la regla aludida, nuestra evaluación conlleva un segundo examen previo al ejercicio de nuestra discreción. Nos referimos a evaluación de los criterios mencionados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, la que dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020); *IG Builders et al. v.*

*BBVAPR,* supra*,* pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una sentencia final, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

Se ha resuelto que, el denegar la expedición de un auto de certiorari, no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98. La parte afectada con la denegatoria de expedirse el auto de certiorari, tiene a su favor el revisar el dictamen final, cuando se resuelva la causa de acción por el foro primario. *Negrón Placer v. Sec. de Justicia*, 154 DPR 79, 93 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997).

Los tribunales apelativos no deben interferir en las determinaciones discrecionales de los jueces de primera instancia respecto al descubrimiento de prueba, salvo que se demuestre que el foro primario (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo y que nuestra intervención en esa etapa evitará un perjuicio sustancial. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

"Una moción eliminatoria o in limine es una solicitud que se presenta antes del juicio para impugnar la admisibilidad de la prueba anunciada. La concesión de dicha moción cae dentro del ámbito que tiene el tribunal para dirigir el proceso judicial." *Pueblo*

*v. Ortiz Colón,* 207 DPR 100, 132 (2021); *McCormick on Evidence,* 7ma ed., Minnesota, West Publishing, 2014, Sec. 52, págs. 122–123.

## III

Conforme los criterios reglamentarios antes mencionados y los parámetros para revisar las determinaciones discrecionales del foro recurrido, colegimos denegar intervenir con la determinación disputada.

## IV

Por lo antes expuesto, se deniega la expedición del auto solicitado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones